The opinion of the court was delivered by
Duncan, J.
This was a scire facias against the defendant on a recognizance of bail, on an appeal from the report of arbitrators, stating “ that William Robinson became pledge and security, that all such debts, damages, costs, 'and charges, as should be adjudged to the plaintiff, in his action against Samuel Thompson, should be levied on his goods, lands, and tenements, unless the said Samuel Thompson should discharge or pay the same, or render himself to the sheriff of Allegheny county, at the jail of the said county, in satisfaction thereof, and that Thompson has not paid the debt, &c., nor surrendered his body; and calling on the defendant Robinson, to show cause why the plaintiff should not have execution against hint, according to his recognizance,” &c.
The recognizance entered into, varies from the recognizance stated in the scire facias. It is an absolute recognizance for payment of the judgment, unless Thompson prosecute his appeal with effect.
It is a recognizance not warranted by the act, creating this tribunal of arbitration, and giving the appeal from the decision of arbitrators, which is to be in the nature of special bail. Nothing can be clearer, than that the recognizance would not support this action, nor had the prothonotary authority to take it. The scire facias is on a recognizance in the 'nature of special bail: the recognizance produced is for the payment of the money, unless the appeal is prosecuted with effect. They are recognizances of different natures, with different conditions; and on oyer prayed, this variance would have been fatal, and the plaintiff never could recover in this action. But I am not able to find any principle to justify the court in quashing the writ. The writ itself is a good writ: it sets forth a recognizance in legal form, and a forfeiture of it. It shows a good cause of action: the defendant should have been put to plead to answer to it, and the plaintiff could not he put out of court in this brief way. The judgment quashing the writ, must on this ground be reversed with directions to the Court of Common Pleas to reinstate the action.
But as the points have been made on the validity of the recognizance, either as a recognizance or bond, or stipulation at the common law, and the counsel on both sides have requested the opinion of the court, as it may serve to prevent further litigation, the court will proceed to consider its validity.
*195 As a recognizance, it cannot be binding. The officer who took it had no authority for this purpose. The form was prescribed, and,he could not depart from it and insist on a recognizance quite different from the one prescribed: a recognizance not in form, but in substance and in its very essence different; more onerous than the law demanded. This recognizance is absolute, and not in the nature of special bail. The bail had him not in custody, nor could he deliver him to the jail; and, if he did, or the debtor voluntarily surrendered himself, this would be no discharge. No other than special bail could be legally taken. To permit it to be done would open the door wide to oppression, and would put it in the power of the o|Rcer to clog the remedy by appeal; a precious right, which ought not to be impeded, — or other terms of granting it imposed than the law requires. As a stipulation or voluntary obligation at common law, it cannot be considered. It is a good statutory obligation, — or it is nothing. All the cases that have been cited, are where the obligation was voluntary, — not imposed on the person by necessity, — and taken by a court or judge for an honest and lawful purpose, and where a law .did not require any. Such was Johnson v. Laserre, 2 Ld. Ray. 1459. And the reason is given in 2 Stra. 745, that though the defendants were not required, being executors, to give bail, yet if they will submit to do as other defendants, the court may take it, and it will bind the parties; and in Foulkes v. Dominicque, 2 Stra. 1137, the court considered the bond as one not taken by covin. There the defendant was not bound to give any security: here the party was, or loses the benefit of an appeal, is deprived of the right to a trial by jury, and the condition of it totally against law. In the case of Lacaze, Mallet, and Ross, v. The State, for the use of Lanoix, Addis. 59, several of the judges considered it as a contract stripped of all judicial solemnity,. — a mere contract in pais, — which the párties had an indisputable right to make, a bailment, or the delivery of the silver to those who were not parties before the Court of Admiralty, and an express undertaking for the due execution: a promise on good consideration,. — altogether different from this case, which is in the nature of a judicial contract, imposing a different obligation than the one which the law authorizes, before the officer could receive the appeal; an exaction, an oppressive exaction of a different security. I speak here impersonally, and only state the necessity of discountenancing that which might be oppressively used. The usage is a bad one, and ought to be abolished. It has passed in silence, and is not such a usage as can be permitted to abrogate the law.
This obligation is a statutory pne, with an entire unwarranted condition. So far from conforming to the requisitions of the act, it is in direct contradiction; and the principle is well settled, that when a statutory obligation is taken, it ought to conform, at least in substance, to the requisition of the statute, and if it go beyond *196 the law, it is void, at least 'so far as it exceeds the requisition. In the case of Armstrong and others v. The United States, 1 Peters, 46, which was that of an official bond of a collector of the taxes, which the supervisor had a right to demand, and the collector was obliged to give, if he meant to continue in the office, the bond taken was partly retrospective; the form of the bond required by the act of congress was prospective only, and no other could legally be taken, as was held by the court, and it was justly said by Mr. Justice Washington, that a contrary doctrino would open the door to great oppression, and ought to be discountenanced. Here the act of assembly required bail in the nature of special bail. The bail taken was absolute for payment ’of the debt, that might he eventually recovered in that action. The whole was"*excess, and the condition was therefore against law. It did not consist of several parts, some of which were good and some bad, and therefore the whole was void. See the note to Butler v. Wigg, 1 Saund. 66.
But it was too early in the proceedings to put the party out of court, and the judgment must, for that reason, be reversed, and the record remitted to the Court of Common Pleas, for the further hearing thereon.
Judgment reversed, and record remitted.