The opinion of the court was delivered by
Duncan, J.
This court is not disposed to throw any difficulty in the way of appeals from decisions of arbitrators, but they cannot disregard the regulations of the law.' Three conditions, precedent to the allowance of the appeal, are recognized; — oath of the party, that it is not for the purpose of delay — payment of costs— and entering into recognizance if the appeal is by the plaintiff, as here it is. The recognizance is to be conditioned, 54 that, if he shall not recover in the event of the suit a sum greater, or a judgment more favourable, than the report of the arbitrators, he shall pay all costs that shall accrue in consequence of the appeal, together with the sum or value of the property or thing awarded by the arbitrators, with one dollar per day, for each and every day that shall be lost by the defendant, in attending to such appeal, or, in default thereof, shall surrender the plaintiff to jail.” There is a further provision in the act, 44 that, if such appeal, bail and recognizance should not be entered within twenty days, then it is the duty of the prothonotary to issue an execution, to carry into complete effect and operation the judgment on the report.” The appellee may waive this, by doing an act of record, acknowledging the cause to be again properly in court. But here, he’took the earliest opportunity of moving the court to quash the appeal. He has a right to insist on his objection, if there is no recognizance, or one sq defective, that, it is void: the court cannot dispense with any of *245 the prescribed terms. And the question is, whether the recognizance required bj' law has been given. The consideration does not weigh with me, that this course is common in Washington county. If so, it is time it should be abolished. It is a practice not sanctioned by any decision, and is an abuse of the parties concerned.
We have the whole record of this recognizance before us. It is in one line: “The plaintiff appeals. John Cicnningham and Daniel Link tent in one hundred dollars, coram William Sample.” I do not say, that the recognizance shall set out at length, and verbatim, the condition; but the minute taken by the prothonotary should Contain a substance, which might be worked into form. Now, here is nothing. If the minute had stated sub conditioner &c. I would hold this to be sufficient; for, when the prothonotary majtes up the record, he might set out the condition in the terms of the law.
No action could be sustained on this recognizance, against the bail. The condition where the plaintiff is appellant, is very different from that which the defendant enters into. It is not the case of a recognizance defective in form. It has no substance. — Ex nihilo nihil Jit. In the case of Bolton v. Robinson, decided at this court, it was held, the recognizance was void, because a condition was annexed to it not required by law. There is only this difference between the cases, — that here there is no condition at all. It could not be supposed, from the oath of the prothonotary, that he did take the recognizance in the prescribed form. The law would not allow this mode of proof, to make out a record, depending on the frail memory of any man, more than they would the oath of a justice, to make his acknowledgment of the conveyance of a feme covert correspond with the law, though he had not stated in the acknowledgment itself, that the woman was examined separate and apart from her husband.
The judgment must, therefore, be reversed, and the record remanded to the Court of Common Pleas, for further proceedings, on the decision of the arbitrators, and judgment on the report.
It would be a most pernicious conclusion, and what is not authorized by any authority, to consider that the prothonotary always acts according to law, where his record is silent. Courts, from the necessity arising from a well known cause, have not required a rigid adherence to forms, but require a substantial compliance with the requisition of statutes; and, if after any reasonable allowance, this is not found in the record, the proceedings will be adjudged erroneous. Friedly v. Sheetz, 9 Serg. & Rawle, 165. There is nothing apparent by which the recognizance can be moulded into form,' ahd we cannot be governed by the latent intent of the officer.
Judgment reversed, and record remitted.