| 5w | 333 |
| 40SC | 50 |

Ingham *against* Tracy.

A recognizance was entered into upon an appeal from the judgment of a justice, in those words : " G. T., bound in the sum of one hundred and fifty-five dollars, that defendant do prosecute his appeal to effect:" *Held*, to be sufficient upon which to sustain a *scire facias* reciting a recognizance in the form prescribed by the act of assembly.

ERROR to the commom pleas of *Bradford* county.

Joseph Ingham and David Ingham against George Tracy; *scire facias* sur recognizance, in which the following case was stated for the opinion of the court.

On the 28th of June 1834, the present plaintiffs commenced a suit before E. Mason, Esq., against Jacob Wilden and Lewis C. Leishey, and on the 4th July following obtained a judgment against them for 77 dollars and 35 cents. On the 25th of July 1834, the defendants appealed, and the magistrate made the following entry on his docket : " Defendant appeals. July 25th, 1834, George Tracy, bound in the sum of one hundred and fifty-five dollars and ninety cents that defendants do prosecute their appeal in the above suit to effect. Acknowledged before me, the day and year above,

" Elipt. Mason, J. P."

On a trial of this suit at September term, a judgment was obtained against the defendants for the sum of 83 dollars and 58 cents, debt, and 45 dollars and two cents, costs. On the 8th of January 1836, the present suit was commenced by *scire facias* setting out a good recognizance in the words of the act of assembly, to which the defendants pleaded " *nul tiel record.*"

The question for the opinion of the court is, whether the entry

so made by the magistrate is a sufficient record of a good recognizance so as to warrant the issuing of the *scire facias* in the present suit?

If the court are of the opinion that it is, then judgment is to be entered for the plaintiff for the above sum of 83 dollars and 58 cents, with interest and the said costs; if not, then a judgment to be entered for the said defendant, subject in either case to a writ of error.

The court below rendered a judgment for the defendant.

*Overton*, for plaintiff in error, cited Moore *v.* M'Bride, 1 *Penns. Rep.* 149; Burgess *v.* Jackson, 2 *Penns. Rep.* 432; Pier *v.* M'Kenney, 2 *Watts* 104.

*Elwell*, for defendant in error, cited King *v.* Culbertson, 10 *Serg. & Rawle* 325; Bolton *v.* Robinson, 13 *Serg. & Rawle* 193; Donaldson *v.* Cunningham, 13 *Serg. & Rawle* 243.

The opinion of the Court was delivered by

GIBSON, C. J.—The frequency of injustice from blunders in these recognizances, makes it imperatively necessary to relax the rigour of our construction of them. It is known that our judicial records are never formally made up, and that the dockets contain but minutes, from which, however, a complete record might, in the earlier periods of our judicial history, have been formed. So far no inconvenience was felt from what was, at the time, but a wholesome departure from the extreme precision of common law precedents. The prothonotaries and clerks, holding their offices nominally at the will of the executive but actually during good behaviour, gained a competent share of skill from experience, and the records not only contained the substance of whatever was necessary to be registered, but were carefully preserved in their places. The principle of official rotation, however, has gradually excluded experience, and introduced a looseness of form sometimes unintelligible, but often requiring us to supply matter of substance from extrinsic sources for the attainment of justice; which has already produced a dangerous degree of uncertainty. From justices of the peace, however, an observance of formalities ought never to have been required. They are necessarily without official training; and their proceedings ought rather to have been expounded, where they might, in conformity to the law they were meant to execute, than in accordance to the words in which they were expressed—at least such ought to have been the rule where the entry did not purport to be a full record of all that was done, and when nothing was expressed to have been done contrary to law. There are cases where the identical words of the recognizance purport to have been set down; and these cannot be extended by reference without involving the parties in engagements they had not consented to contract.

[Ingham v. Tracy.]

Such was Pier *v.* M'Kenney, 3 *Watts* 103, in which the defects were not helped. In the cases to be noticed, the meaning was open to a construction better suited perhaps to the actual condition of things. The recognizance in Donaldson *v.* Cunningham, 13 *Serg. & Rawle* 243, exhibited no attempt to set out the condition specifically; and the whole would have been unquestionably good, had the officer not omitted the insignificant words *sub con.* They would have indicated the existence of a condition of some sort, without, however, indicating the nature of its terms. In King *v.* Culbertson, 10 *Serg. & Rawle* 325, the condition was to appear and prosecute with effect; or, on failure to pay the debt and costs— and there wanted no more than a contingent provision for surrender to make the whole perfect. In Bolton *v.* Robinson, 13 *Serg. & Rawle* 193, we have exactly the case before us, the justice having stopped at the stipulation to prosecute, and the memorandum would have indicated a sufficiency of substance, even according to the English practice, had it terminated with an *et cætera* to show that more was done than was then intended to be expressed. Is it too much, then, to supply it for the sake of avoiding extreme injustice? Did a departure from the existing decisions shake a title or impair a right, we would certainly avoid it. But the matter involves no more than a question of practice. We have already receded from our earlier decisions on the effect of these recognizances in entitling to an appeal; and it is but another step to extend the benefit of the recession to the appellee. In the *scire facias* a perfect recognizance is set out ; and it would be open to the prothonotary, were it necessary, to make up, from the material returned by the justice, a perfect recognizance to support the recital of it. We are therefore of opinion that the plaintiff recover.

Judgment below reversed, and judgment for the plaintiff.