[PHILADELPHIA, APRIL 3D, 1841.]

## FROST *against* ROATCH.

IN ERROR.

1. In an action before an alderman, after judgment against the defendant; J. F. signed the following entry upon the alderman's docket. "I become special bail in $90." *Held*, that this was a sufficient recognisance for a stay of execution under the 9th section of the act of 1810; there being no entry of an appeal.

2. The Court of Common Pleas of Philadelphia County had a right to make the rule respecting appeals from a magistrate called "the four term rule." (See ante. p. 166.)

ERROR to the Common Pleas of Philadelphia County, in which court this was an appeal from the judgment of Alderman Binns in a suit before him by Wm. B. Roatch against John Frost, as special bail of or surety for one C. K. Frost.

In the original suit before the alderman which was brought by Wm. B. Roatch against C. K. Frost, a judgment was given for the plaintiff in the sum of $41 85; and the following entry upon the alderman's docket was signed by John Frost. "I become special bail in $90."

A *scire facias* was issued upon this recognisance, and judgment given by the alderman against John Frost, upon which the defendant appealed to the Common Pleas.

The defendant pleaded *nul tiel record*, and payment with leave, &c.

On the 15th of February, 1839, the court on inspection of the record of the alderman gave judgment for the plaintiff on the plea of *nul tiel record*, and on the 27th of April, 1839, the court gave judgment on the plea of payment under what is called the four term rule.*

* See antea, page 166, *Kuhn v. Kisterbock.*

The defendant took a writ of error, and assigned the following errors:

" 1. The court erred in giving judgment for plaintiff below on the plea of *nul tiel record.*

2. The recognisance entered into before Alderman Binns by the plaintiff in error on the first day of April, 1837, and on which judgment was rendered by the court below, is not such a recognisance as is required by the act of assembly, and is null and void.

3. The judgment entered in the court below on the 27th of April, 1839, under what is called the fourth term rule, is erroneous and illegal."

Mr. *Perkins*, for the plaintiff in error.

The recognisance is bad in not stating what the special bail was for; whether for stay of execution, or for an appeal. Both are spoken of in the act of March 20th, 1810, (*Purd. Dig.* 626,) as special bail. Section 4, page 628, says the party appealing shall be bound with surety in nature of *special bail.* Section 5, page 629, speaks of the *special bail* directed to be taken by the justice, in case of an appeal, &c. Section 9, page 630, speaks of *special bail* for stay of execution. The plaintiff treated this as special bail for stay of execution; but he might with the same propriety have considered it as special bail for an appeal. No particular form is contended for; only that the short minute of the recognisance shall show the sum in which the party becomes bound, and what for, whether for an appeal or for stay of execution. Recognisances in the following cases were held bad. *King* v. *Culbertson,* (10 *Serg. & Rawle,* 325.) *Bolton* v. *Robinson,* (13 *Serg. & Rawle,* 193;) *Donaldson* v. *Cunningham,* (13 *Serg. & Rawle,* 243;) *Pier* v. *M'Kenney,* (2 *Watts,* 104.) In *Moore* v. *M'Bride,* (1 *Penn. Rep.* 149,) *Burgess* v. *Jackson,* (2 *Penn. Rep.* 432,) and in *Ingham* v. *Tracy,* (5 *Watts,* 333,) the condition was stated, or the recognisance itself showed what it was for.

Mr. *Bready*, contra, was stopped.

The opinion of the court was delivered by

Huston, J.—The second section of the act of the 20th March, 1810, makes provision that in certain cases the constable may take a bond from a defendant taken on a *capias,* for the appearance of the defendant before the justice; and prescribes that such defendant may enter special bail before the justice, or the bail to the constable may enter special bail; and it provides for proceedings on the bail bond; but it would seem we have nothing to do with this section,

the suit is not on such bail bond.    In many if not in most cases in
this state, no bail bond is given.    That is a matter where it occurs,
between the plaintiff and the constable.

The third section provides for the cases in which the parties
appear before the justice; such was the case here.    The parties
appeared, and the defendant put in his defence; an adjournment from
20th of March to 1st of April, 1837, when both parties appeared,
and judgment for plaintiff for $41 85.    After the entry of this judg-
ment on the justice's docket, we find written, April 1st, " I become
special bail in $90.                      John Frost, 128 Eighth st."

The first question is, was this an entry which bound John Frost,
as special bail?    We have had several cases as to what was a suffi-
cient entry by prothonotaries of special bail; and some on what is
a sufficient recognisance of bail on an appeal from a justice.    This
is not an entry of special bail before a prothonotary, nor of bail for
an appeal; for in that stage of the cause no appeal was asked.

The cases cited, *King* v. *Culbertson*, (10 *Serg. & Rawle*, 325,) and
*Bolton* v. *Robinson*, (13 *Serg. & Rawle*, 195,) go to prove that where
a justice enters the recognisance at large, and inserts what the law
does not require, or omits what it does require, it will not be good;
but in the last case, an &c. added, would have made it good; and
see 5 *Watts*, 333.

1 *Penn. Rep.* 149, and 2 *Penn. Rep.* 432, decide, that a short
entry on a docket, (which it is shown was usual in all courts,) was
sufficient; and that from it a formal recognisance might be and always
is made in a full record of the suit, or on a scire facias.    I under-
stand the counsel that no objection was made on account that a full
recognisance was not written out, and signed by John Frost; but
the objection was of another kind.    The second section directs as
to special bail before the hearing.    This was entered after the judg-
ment.    The fourth section says, the party appellant shall become
bound with surety in the nature of special bail; and the 5th section
gives the form and effect of such recognisance on appeal; and neither
the form nor the effect are precisely the same as what is known as
a recognisance of special bail.    But in this case there was no party
appellant, and of course no bail in nature of special bail on appeal;
no appeal was asked or taken.    The sixth section also speaks of an
appeal by a freeholder; but has no application to this case.

The ninth section is, " In all cases where the defendant is a free-
holder, or enters special bail to the action, and the judgment shall be
for a sum above $5 33 and under $20, there shall be stay of execu-
tion for three months; and when the judgment shall be above $20
and under $60, there shall be stay of execution for six months,"
&c. &c.

Now, unless in order to reverse proceedings, we suppose some-
thing to have occurred, of which the docket gives no intimation, the

special bail here could only have been to the action, and for the purpose of obtaining the stay of execution. After the six months had expired, a *sci. fa.* issued, and on a plea of *nul tiel record,* the entry, " April 1, I become special bail in 90 dollars," signed "John Frost," was a good and sufficient minute from which to draw up a formal recognisance, and supported the *sci. fa.* stating such formal recognisance. As I understand it, after judgment on the *scire facias,* the defendant John Frost appealed, and on a hearing among other matters, pleaded *nul tiel record.* The Common Pleas decided that the entry was sufficient, and gave judgment for the plaintiff on that issue; but there was some other plea or pleas, issue or issues, not decided. There is a rule of the Common Pleas as follows.

" It is ordered that no appeal from an alderman or justice of the peace, be continued more than four terms, unless a legal reason be assigned, or the cause not reached; and if the cause be reached at the fourth term, or at a subsequent term, (having been continued at any former term, without legal ground by either party, or by both parties, or by the court in their absence,) and a legal reason be not then assigned for putting off the trial, judgment of *non pros.* shall be entered, in case the plaintiff be appellant; and in case the defendant be appellant, judgment shall be entered against him, for the sum for which the alderman or justice who decided the cause had rendered judgment, with legal interest thereon; provided, that when there shall have been an award of arbitrators filed in this court, upon such appeal, judgment of affirmance of such award shall be entered, and when the award shall have been for a sum of money, the judgment shall be for that sum, together with the interest thereon from the day of filing the award."

On this rule a judgment was entered, we must suppose on a state of facts bringing the case within the rule; and the third error assigned is, that this judgment entered in pursuance of this rule, is erroneous and illegal; in other words, that the court had no power to make such a rule. It was not denied that courts have power to make rules for the regulation and order and despatch of business. Instead of a formal argument against the power of the court, it was rather intimated that some professional men had doubts, and the decision of this court was wished. This court have no doubt of the power to make such a rule, or of its propriety. For myself individually, I would shorten the time from the fourth to the third term; and make the rule universal in all cases where a cause was on the issue list, and either party asked a continuance and could show no legal ground for such continuance. Without rules compelling parties to proceed, causes would never be brought to a conclusion. Either party must have the power to bring on the cause. An appellate court, as the Common Pleas was in the case before us, will often find the person against whom a judgment has been rendered, and from which he has appealed, very averse to another hearing; but

(Frost *v.* Roatch.)

the court is bound to respect the rights of the other party. The rule in question applies to each party, and applies with equal effect. A *non pros.* of the appellant is an affirmance of judgment below ; and there can be no reasonable objection to the same rule being applied to the other party, and affirming the judgment below, if he will not contest it.

Judgment affirmed.