# Okeson *against* Shirlock.

" W. S. appears and enters into recognizance in double the debt and costs as special bail in the above suit, for an appeal according to the Act of Assembly of 1842." *Held* to be a sufficient minute made by a Justice of the Peace upon an appeal, to support a *scire facias* reciting a recognizance in the form prescribed by the Act of Assembly.

ERROR to the Common Pleas of *Juniata* county.

William Okeson against William Shirlock. *Scire facias sur* recognizance of bail; to which the defendant pleaded *nul tiel record*.

The plaintiff gave in evidence the transcript of a judgment of a Justice of the Peace for $71.09, at the suit of William Okeson against James Shirlock, from which the defendant appealed, and this entry of a recognizance was made by the Justice:

"8th March 1843, William Shirlock appears and enters into recognizance in double the debt and costs as special bail in the above suit, for an appeal according to the Act of Assembly of 1842."

The writ in this case recited a recognizance in the form prescribed by the Act of Assembly.

The court below was of opinion that the recognizance as contained upon the Justice's record was wholly insufficient to support the writ, and therefore rendered a judgment for the defendant upon the plea of *nul tiel record*.

*Reed* and *Parker*, for plaintiff in error, argued that the minute made by the Justice was sufficient to enable him to draw the re-

[Okeson v. Shirlock.]

cognizance out at length, and it signified everything which the law required; and referred to the Act of 12th July 1842, *Pam. Laws* 347, *sec.* 33; 6 *Wheat.* 359; 5 *Watts* 333.

*Watts, contra,* argued that the law required that a recognizance should be taken in a sum certain, and it was not competent to make the recognizance good by anything *dehors* the record. 6 *Watts & Serg.* 50.

The opinion of the Court was delivered by

KENNEDY, J.—This suit was commenced by a *scire facias* sued out by the plaintiff in error, upon a recognizance alleged to have been entered into by the defendant, before Samuel Sterrett, Esq., a Justice of the Peace, as bail of James M'Kinley, to prosecute an appeal taken by M'Kinley from a judgment given by the Justice against him for $71.09, with costs of suit, in favour of the plaintiff in error. According to the recital contained in the *scire facias,* the recognizance was taken on the 8th day of March 1843, in the sum of $142.68, conditioned that if James M'Kinley should appear at the next Court of Common Pleas of Juniata county, and then and there prosecute his suit with effect, according to the Act of Assembly of 1842, then the recognizance to be void, otherwise to be and remain in full force and virtue. The transcript returned by the Justice, showing the judgment rendered by him for the plaintiff against M'Kinley to be $72.09, with costs of suit, and the appeal taken therefrom, contained also the following entry of the recognizance taken to prosecute it:—" 8th March 1843, William Shirlock appears and enters into recognizance in double the debt and costs, as special bail in the above suit, for an appeal, according to the Act of Assembly of 1842." The defendant in error appeared by attorney to the *scire facias,* and put in the plea of *nul tiel record,* upon which the plaintiff took issue; and the court rendered judgment thereon in favour of the defendant. In this the plaintiff alleges that the court erred.

The only question presented by the case is, whether the minute made by the Justice of the recognizance taken and certified by him on the transcript returning the appeal to the court, be not sufficient to warrant the recital of the recognizance set forth by the Prothonotary in the *scire facias.* There is no objection to the form of the recognizance, as recited in the *scire facias,* provided the return of the Justice be sufficient to warrant it; nor indeed can there be, for it is substantially such as the Act of Assembly in that behalf directs. In *Frost* v. *Roatch,* (6 *Whart.* 359), the following entry, " I become special bail in $90," signed by J. W. upon an alderman's docket, was held a sufficient recognizance for a stay of execution under the 9th section of the Act of 1820, there being no entry of an appeal; but had it followed immediately the entry of an appeal, it is perhaps fair to infer that the court would

[Okeson v. Shirlock.]

have held it sufficient for the prosecution of the appeal. In *Ingham* v. *Tracy*, (5 *Watts* 383), a recognizance taken before a Justice of the Peace upon an appeal in these words:—" G. T. bound in the sum of $145 that the defendant do prosecute his appeal to effect," was held sufficient to support a *scire facias* reciting a recognizance in the form prescribed by the Act of Assembly; because it was sufficient, as the court said, to enable the Prothonotary, if requisite, to make out a perfect recognizance in form, so as to support the recital in the writ. And why was it held sufficient to enable the Prothonotary to do so? Because it indicated the name of the person bound as bail, the sum of money in which he was bound, and the purpose for which he was bound. Now that is all set forth pretty distinctly in the case before us, and certainly at more length and in better form than in *Ingham* v. *Tracy*. In one particular only can it even be pretended to be less specifically certain, which is in this, that the sum is specifically mentioned in *Ingham* v. *Tracy*; whereas, in the case before us, it is stated to be in *double* the *debt* and *costs*; but then the amount of the debt is specifically stated in the transcript returned by the Justice at $71.09, the double of which would be $142.18, and the amount of the recognizance, recited by the Prothonotary, being $142.68, the difference between the two sums may be fairly regarded as being double the amount of the costs, which had accrued at the time the Justice rendered his judgment. The reference by the Justice to the amount of the debt and costs, which appeared on his docket in the entry of the action, making double the amount thereof the sum of money in which he bound the bail, was certain enough as to the sum in which the recognizance was taken, because it was capable of being rendered certain by an inspection of the whole transcript, returned by the Justice to the court for the purpose of entering the appeal, that the court might proceed thereon. *Id certum est, quod certum reddi potest.* Under this view of the case, the recognizance, recited in the *scire facias*, corresponds, both in substance and in form, with the recognizance prescribed by the Act of Assembly, and is such as the Prothonotary would have been authorized to make out, had it been necessary, from the memorandum or minutes thereof on the transcript originally filed and entered with him. Such is sufficient according to the decision of this court in *Ingham* v. *Tracy*, cited above. The court below, therefore, erred in giving judgment for the defendant. But even if the Prothonotary, in making out the *scire facias*, had fallen into a mistake in stating exactly the amount of the recognizance to be double the amount of the debt and costs for which the Justice rendered a judgment, and therefore have misrecited it; and that had appeared to the court on the trial, it would have been right, if not the duty of the court to direct the Prothonotary to correct and amend his error, it being merely clerical. In thus delivering the opinion of the court, it must be observed,

[Okeson v. Shirlock.]

that for the evidence of such recognizance having been taken as is recited in the *scire facias,* I have confined myself entirely to that which appears on the transcript originally obtained from the Justice and filed with the Prothonotary by the appellant.   The paper not filed, which was produced at the trial and offered in evidence in connection with the proof of the Justice, that it was the recognizance taken at the time of the appeal, I have left entirely out of view, as not being admissible according to the decision in *Bell* v. *Murphy,* (6 *Watts & Serg.* 50).

Judgment reversed, and judgment for plaintiff.