# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

Sarah Kramer and Husband, in Right of the Wife, Plffs. in Err., *v.* B. E. Wellendorf et al.

The judgment of a justice of the peace, although voidable for irregularities, is sufficient to support an execution and sale thereupon to a stranger.

A constable having rightfully levied on the defendant's property must proceed with the execution until notified that it is stayed or superseded.

If a justice of the peace neglects or refuses to notify a constable, having in his hands an execution, that the judgment has been appealed from and that the appeal operates as a supersedeas, the defendant's remedy is by certiorari to the execution.

(Argued October 8, 1887. Decided October 24, 1887.)

October Term, 1887, No. 134, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Jefferson County to review a judgment of compulsory nonsuit in an action of trover. Reversed.

The action was brought by Sarah Kramer and George Kramer, her husband, in favor of the wife, to recover the value

---

NOTE.—A second trial of this case resulted in a verdict which was affirmed upon appeal. Kramer v. Wellendorf, 129 Pa. 547, 18 Atl. 525.

An execution may be enjoined pending the disposition of an appeal. Guttendag v. Lehigh Valley Iron Co. 14 Phila. 639. But an injunction will not be granted where no appeal is taken or writ of certiorari sued out. Rockwell v. Tupper, 7 Pa. Super. Ct. 174. See Mason v. Quinn, 9 Kulp, 543.

of a boiler, smokestack, engine and fixtures, taken by the defendants and converted to their use. Mrs. Kramer claims title to the property by purchase at a constable's sale, had upon an execution issued upon a judgment of the husband, George Kramer, against W. G. Hunter and G. W. Crawford, rendered by John T. Bell, Esq., a justice of the peace.

On the trial the justice's docket was put in evidence, and showed the following proceedings in the action of George Kramer v. W. G. Hunter and G. W. Crawford, doing business as Hunter & Crawford, which was begun by attachment under the act of July 12, 1842:

"August 10, 1880, attachment issued and plaintiff gives bond as required and claims for boarding, goods sold, etc. (made the required affidavit) ; same day bond filed; attachment issued returnable on the 14th day of August, 1880, at 10 o'clock, A. M. ; returned on affirmation August 11, 1880; attached the defendant's goods and served copy and inventory on George Kramer, the person in whose possession the same was found, defendant being nonresident and not found in the county. Attached one boiler, smokestack, engine and fixtures. And now, August 14, 1880, summons issued to John Cricks, constable, returnable on the 21st day of August, 1880, at 10 o'clock, A. M. Returned on affirmation. Defendant, after diligent inquiry, cannot be found in the county; copy left with Mr. Johnson, at the last place of business, August 16, 1880. And now, August 21, 1880, plaintiff appears and claims $42 for boarding and services for the defendants, defendants not appearing. George Kramer sworn and examined for the plaintiff; after hearing, judgment publicly by default for the plaintiff for $42 and costs of suit. August 21, 1880, execution issued to John Cricks, constable, for $48.49. And now, the 27th day of August, 1880, defendants appear by attorney, M. M. Davis, and appeal. And now, August 27, 1880, M. M. Davis present and becomes bail for an appeal; held in the sum of $100 conditioned for the payment of all costs that have accrued or may accrue against the appellant for an appeal; bail sworn.—M. M. Davis. And now, the 28th of August, 1880, P. W. Jenks, attorney for plaintiff, excepts to appeal for want of payment of costs on execution. And now, 2d day of September, 1880, execution returned; property sold for $15 and money paid into office. And now, the 3rd day of September, 1880, M. M. Davis, attorney for the defendant, present, pays

costs, $3.74; excepted to on execution, and costs of appeal and transcript into office, for the purpose of perfecting the appeal in this suit."

It further appeared at the trial that on the 2d of September, 1880, W. G. Hunter, for Hunter & Crawford, made affidavit and gave bond as required by law, filed a præcipe in the court of common pleas of Jefferson county, and had a writ of certiorari issued to No. 246 of September Term, 1880, wherein W. G. Hunter and George Crawford were plaintiffs, and George Kramer, defendant, directed to John T. Bell, Esq., which writ was served on Justice BELL, September 7, 1880; the record was. made up and certified and returned to the court of common pleas, September 13, 1880. Exceptions were filed September 14, 1880, the case was put on argument list, and on January 4,. 1881, the court entered a judgment reversing the proceeding of the justice.

The constable who made the sale testified that Mrs. Kramer was not present, but Mr. Kramer was there, and a man that represented Mrs. Kramer bid for her; that the property was on the land of one Webber; that witness told Kramer that he gave the property into his charge—said "you can take it away or you can leave it there just as you please."

Kramer testified that he nailed up the fence which inclosed the property sold, and was afterwards informed that the defendants had removed the property; that he thereupon demanded the property of defendants, on behalf of Mrs. Kramer before suit brought. One Keicher also testified that he demanded the property of defendants on behalf of Mrs. Kramer, but they refused to surrender possession.

On motion of the defendants the court granted a compulsory nonsuit, and its refusal to take off the nonsuit was assigned as error.

*H. Clay Campbell,* for plaintiffs in error.—The plaintiffs' testimony is on the review of a judgment of nonsuit to be taken as true, not only the facts directly established but every reasonable inference therefrom. Elkins v. Susquehanna· Mut. F. Ins. Co. 113 Pa. 386, 6 Atl. 224.

The only question in the court below was as to the effect of entering bail for an appeal. The judgment was rendered August 21, 1880, by default. Same day execution issued to the

constable, who levied upon the property, attached and advertised the same for sale. On August 27, 1880, three days before day of sale, bail was entered for an appeal; no costs were paid or transcript taken. On the next day, the 28th, exceptions were filed to the appeal for want of payment of costs. The justice did not stay the execution or call it in.

Being a judgment by default, the defendants were required to pay the costs on the execution, before they were entitled to an appeal. Section 6, act March 20, 1810; 5 Sm. Laws, 165, made applicable to proceedings by attachment under act of July 12, 1842, see 43 P. L. 345.

There was no transcript taken and the proceedings still remained before the justice, who had full power to determine whether the appeal was regularly taken. O'Donnell v. Mullin, 27 Pa. 199, 67 Am. Dec. 458; Leonard v. Dillon, 76 Pa. 44.

Exceptions were filed to the appeal August 28, 1880, the next day after the entry of bail, and under the law the justice refused to call in or stay the execution. There was acquiescence in the refusal of the justice to stay the execution, for the defendants on the 3rd of September, 1880, appeared, paid costs excepted to on execution, and for a transcript and appeal for the purpose of perfecting the appeal.

If it was the duty of the justice to call in the execution and revoke it, he did not do it, and at most it was but an error of judgment under the law, and would not destroy the power of the constable to sell nor invalidate the sale. A good title would pass to the purchaser. Kase v. Best, 15 Pa. 101, 53 Am. Dec. 573.

The mere entry of bail for an appeal is not effectual to stay or nullify an execution unless the transcript is filed in the common pleas within the time limited by law. Herron's Appeal, 29 Pa. 240.

There was no evidence in the court below of any appeal. There was, however, evidence that the defendants in that judgment had abandoned their appeal by having a writ of certiorari issued out of the court of common pleas on September 2, 1880, and served on the justice September 7, 1880, and the record made up, certified and returned to the court of common pleas September 13, 1880. This writ was issued before a transcript was taken for an appeal or the payment of the costs of execution; they could not have both an appeal and certiorari. Ewing

v. Thompson, 43 Pa. 372; City v. Kendrick, 1 Brewst. (Pa.) 406.

Having prosecuted the certiorari to final judgment they are bound by it and cannot now inquire into the proceedings of the judgment or execution.

To allow the defendants in this case to claim that the entry of bail for an appeal annulled the execution, and would devest the title of purchaser at that sale, would be to allow a collateral attack upon a judgment that was final—which cannot be done. Baird v. Campbell, 4 Watts & S. 191; Lowber's Appeal, 8 Watts & S. 387, 42 Am. Dec. 302; Billings v. Russell, 23 Pa. 189, 62 Am. Dec. 330; Wilkinson's Appeal, 65 Pa. 189; McDonald v. Simcox, 98 Pa. 619.

If a party, after an irregularity has been committed, consents to a proceeding which, by insisting on the irregularity, he might have prevented, he waives all exception to the irregularity.

*Consensus tollit errorem.* Broom, Legal Maxims, 138; Paul v. Cunningham, 9 Pa. 106.

The certiorari was a supersedeas only from date of service on the justice September 7, 1880; the sale was made August 30, 1880. The reversal of the judgment did not set aside the sale made on the execution nor devest the title of the purchaser. Tarbox v. Hays, 6 Watts, 398, 31 Am. Dec. 478.

*M. M. Davis* and *Charles Corbet,* for defendants in error.— Section 27 of the act of July 12, 1842 (Brightly's Purdon's Digest, p. 989, pl. 84), provides "that before such attachment shall issue, the plaintiff or someone in his behalf shall execute a bond in the penalty of at least double the amount of the claim, with good and sufficient securities, conditioned that in case the plaintiff shall fail to recover a judgment of at least one half the amount of his claim, he shall pay to the defendant his damages for the wrongful taking of any property over and above an amount sufficient to satisfy the judgment and costs, and that if the plaintiff shall fail in his action, he shall pay to the defendant his legal costs and all damages which he may sustain by reason of said attachment."

By the act of March 21, 1806, "in all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued."

The bond is not conditional as required by the act. It had but one surety, and a single surety, however responsible, will not satisfy the requirements of the law. M'Williams v. Hopkins, 4 Rawle, 382; Bradley v. Com. 31 Pa. 522.

The bond was therefore void. Beacom v. Holmes, 13 Serg. & R. 190; M'Kee v. Stannard, 14 Serg. & R. 380.

The justice had no jurisdiction. In summary proceedings, where a court exercises an extraordinary power under a special statute prescribing its course, that course ought exactly to be observed, and those facts especially which confer jurisdiction ought to appear, in order to show that its proceedings are *coram judice.* Thatcher v. Powell, 6 Wheat. 127, 5 L. ed. 223; Graver v. Fehr, 89 Pa. 460; Webster v. Reid, 11 How. 437, 13 L. ed. 761.

If there is a total want of jurisdiction, the proceedings are not merely voidable, but void, and may be rejected when collaterally drawn in question. Rose v. Himely, 4 Cranch, 241, 2 L. ed. 608; Griffith v. Frazier, 8 Cranch, 9, 3 L. ed. 471; Elliott v. Peirsol, 1 Pet. 328, 7 L. ed. 164; Thompson v. Tolmie, 2 Pet. 157, 7 L. ed. 381; Shriver v. Lynn, 2 How. 43, 11 L. ed. 172; Hickey v. Stewart, 3 How. 750, 11 L. ed. 814; Williamson v. Berry, 8 How. 495, 12 L. ed. 1170; Cheriot v. Foussat, 3 Binn. 220; Orphans' Court use of Groff v. Groff, 14 Serg. & R. 181; Steel v. Smith, 7 Watts & S. 447; Phillips's Appeal, 34 Pa. 489; Miltimore v. Miltimore, 40 Pa. 151; Guthrie v. Lowry, 84 Pa. 533; Biles's Estate, 2 Brewst. (Pa.) 609.

The justice's judgment was therefore void.

Another provision of the act of July 12, 1842, § 28 (Brightly's Purdon's Digest, p. 990, pl. 85), is that the attachment and inventory of the property where the defendant is a nonresident of the county, and cannot be found, shall be served "by leaving a copy of said attachment and inventory with the person in whose possession the said property may be."

Hunter and Crawford were never "personally served" and never had any personal notice of the transactions. Therefore there could not be a judgment by default against them.

Again; section 31 of the act (Brightly's Purdon's Digest, p. 990, pl. 88) provides that "any defendant against whom a judgment shall have been rendered in any case where the attachment or summons shall not have been personally served may, within thirty days after the rendition of the same, apply to the alder-

man or justice rendering the same, for a hearing of the matter; and if he, or some other person, knowing the facts, shall, for him, make an affidavit setting forth that he has a just defense to the whole or part of the plaintiff's demand, it shall be the duty of the alderman or justice to open the judgment, and give notice to the plaintiff of the time when he will hear the parties, which time shall be not less than four, nor more than eight, days distant. On the said hearing the justice shall proceed in the manner directed in the 30th section of this act."

The justice having entered judgment on August 21, 1880, and on the same day issued an execution, the execution was premature. The alleged constable's sale was made August 30, 1880, but on that date the execution had no judgment to support it, for on August 27, 1880, the defendants by their agent had appealed from the judgment of the justice, who took the requisite bail and allowed the appeal.

Under section 34 of the act of 1842 (Brightly's Purdon's Digest, p. 991, pl. 91), section 6 of the act of 1810 (Brightly's Purdon's Digest, p. 984, pl. 55), section 1 of the act of March 20, 1845 (P. L. 188—Brightly's Purdon's Digest, p. 992, pl. 99), and section 5 of the act of 1845 (P. L. 189), it was not required that the costs on the execution should have been paid at the time of taking the appeal.

It was the province of the justice to determine whether the appeal was regularly taken (O'Donnell v. Mullin, 27 Pa. 199, 67 Am. Dec. 458; Leonard v. Dillon, 76 Pa. 44), and he determined that it was.

As a fact the execution costs were paid on September 3, 1880.

The appeal having been taken, although it may not have been taken in accordance with the law, could have been perfected later. Davis v. Marra, 1 Chester Co. Rep. 328; Womelsdorf v. Heifner, 104 Pa. 1.

It is not said that the appeal shall be entered on the prothonotary's docket in twenty days; and, therefore, it is not necessary. If it is entered before the justice and security given, it is sufficient. Beale v. Dougherty, 3 Binn. 434.

An appeal made within the limited period is completed by the entry of the bail. Plowman v. Abrams, 1 Dall. 316, 1 L. ed. 154.

The appeal was a suspension of all power in the justice.

Berry v. Baker, 1 Browne (Pa.) 224; Hastings v. Lolough, 7 Watts, 540.

By the appeal the judgment was gone, and nothing left to support the execution. O'Donnell v. Mullin, 27 Pa. 199, 67 Am. Dec. 458; Cope's Appeal, 39 Pa. 287; Hoffman v. Reber, 1 Chester Co. Rep. 240.

An execution must have a judgment to support it. A sale upon a void judgment or void process confers no title. Burd v. Dansdale, 2 Binn. 80; Gibbs v. Neely, 7 Watts, 305; Camp v. Wood, 10 Watts, 118; Hecker v. Haak, 88 Pa. 238; Herman, Executions, § 255.

A purchaser is bound to know whether there is a judgment to support the execution, and that he takes no title under void process. O'Donnell v. Mullin, 27 Pa. 199, 67 Am. Dec. 458.

A purchaser on execution is charged with the inspection of the record of the judgment, and is affected with notice of any right which it plainly discloses. Biddle v. Tomlinson, 115 Pa. 299, 8 Atl. 774; Caldwell v. Walters, 18 Pa. 79, 55 Am. Dec. 592; Hecker v. Haak, 88 Pa. 238.

Not only was Mrs. Kramer thus bound to know the state of the record at the time of her alleged purchase, which showed an appeal taken three days before, but, as a fact, the very plaintiff in the proceedings, George Kramer, her husband, was at the sale acting for her; and of course he was bound to know the state of the record; and notice in fact to him, her agent, was notice to her. The property, if bought for her at the constable's sale, was bought, therefore, with both actual and constructive notice of the appeal.

OPINION BY MR. JUSTICE STERRETT:

The judgment of the justice, on which execution was immediately issued, was not void by reason of the alleged irregularities or otherwise. At most it was merely voidable; and hence it was sufficient to support the execution on which the property in controversy was sold to the beneficial plaintiff. She must be regarded as a stranger, and cannot be affected by mere irregularities in the proceeding. The constable having rightfully levied on the property, it was his duty to proceed with the execution of his writ until he was notified that it was stayed or superseded, if in fact it ever was superseded.

As was said in O'Donnell v. Mullin, 27 Pa. 199, 67 Am. Dec.

458, it is the business of the justice, not the constable, to determine in the first instance whether an alleged appeal is regularly taken or not. If it is so taken as to operate as a supersedeas, it is his duty to notify the constable and revoke the execution. If he erroneously or unjustly refuses to do so the defendant's remedy is by certiorari to the execution.

In the case at bar no such notice was, given by the justice or anyone else, and the action of the justice, in that regard, was acquiesced in until after the sale was effected. Under the circumstances disclosed by the uncontradicted evidence of plaintiff, we think the learned judge erred in nonsuiting her on the ground that she acquired no title to the property in controversy by the constable's sale, and in afterwards refusing to take off the nonsuit. The assignment of error is therefore sustained.

Judgment reversed and a *venire facias de novo* awarded.