## Murray *versus* Haslett.

The Act of 20th March, 1845, requiring that the bail in cases of appeal from the judgments of justices of the peace shall be bail absolute in double the amount *of costs* in such cases, it was *held*, that a recognisance "in the sum of $35, on condition that the defendant shall appear at the next Court of Common Pleas, to prosecute his appeal with effect," was sufficient under that Act.

Error to the Common Pleas of *Allegheny* county.

This was an action of debt by Samuel Haslett *v.* Bertram Murray, on a recognisance of bail entered into before a justice of the peace in a suit by Haslett against Warner, in which the latter appealed, and Murray, in 1848, as his bail, became bound on a recognisance "in the sum of $35, on condition that the defendant shall appear at the next Court of Common Pleas, *to* prosecute his

[Murray v. Haslett.]

appeal with effect." The declaration alleged the recognisance as above, and averred that Warner not having prosecuted his appeal with effect, but judgment having been rendered in the Court of Common Pleas against the said Warner, the defendant became liable to an action in the sum of $35.

The plea was *nul tiel record*, which, by request of counsel, was put on the argument list;—it was overruled, and judgment entered for the plaintiff.

The 1st section of the Act of 20th March, 1845 (*Acts* 188), provides that, In lieu of the bail heretofore required by law, "the bail, in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute in double the probable amount *of costs* accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued, or that may be legally recovered, in such cases, against the appellants."

Error was assigned to the overruling of the plea of *nul tiel record*, and to the entry of judgment.

*Bigham* and *Leslie*, for plaintiff in error.—It was contended that the only question raised by the pleading was the sufficiency of the recognisance; that it was under the 5th section of the Act of 10th March, 1810, and not under the Act of 20th March, 1845, and was null and void.

The Act of March, 1810, required special bail that the defendant "*prosecute his appeal with effect.*" The bail, on the surrender of the principal, was discharged, and in case of not surrendering, had to pay to the plaintiff the debt and costs. This was materially modified by the non-imprisonment Act of July 12, 1842, and all those superseded by the Act of March 20, 1845, which required bail absolute for the payment of all costs that have or may accrue. The present recognisance, though taken in 1848, was under the Act of 1810, which, since 1842, ceased to be a law. The case of Adams *v.* Null, 5 *W. & Ser.* 363–4, was prior to the Act of 1845, and this Court there decided that a recognisance, in the form of the present one, was void. The case of Donley *v.* Brownlee, 7 *Barr* 109–10, is in point. The Court, on the reason of the case, as well as on the authority of Thomas *v.* Stuart, 2 *Pa. Rep.* 475, held a recognisance under the Act of 1810 to be void. In the case of Shuff *v.* Morgan, 7 *Barr* 125, the Court decided the same. Caldwell *v.* Brindle, 1 *Jones* 293, is to the same effect.

*Marshall*, for defendant.—The only question raised by the pleadings in this case, is the existence of the recognisance, as set forth in the declaration. If the recognisance was insufficient or

void the proper way to raise *that* question was by a demurrer. But the defendant pleaded "*nul tiel record*," or, in other words, that there is no such record as averred in the declaration. The question of the insufficiency of the recognisance does not therefore arise. A party is confined in his exceptions to the issue before the Court below: 6 *Watts* 275, Maus *v.* Maus; 6 *W. & Ser.* 343, Drexel *v.* Man; 2 *Barr* 204; 5 *Barr* 211, Rank *v.* Rank; 2 *Barr* 256, Farr *v.* Swann.

The opinion of the Court was delivered, October 11, by
LOWRIE, J.—Samuel Haslett sued George Warner before a justice of the peace, and obtained judgment against him, and thereupon Warner appealed, and Bertram Murray became his bail "in the sum of $35, on condition that the defendant should appear at the next Court of Common Pleas *to* prosecute his appeal with effect." Warner having failed in his appeal, this action of debt was brought against the bail. The declaration does not aver any recognisance, but alleges that Murray became *bail as* above set out, and then assigns for breach (rather imperfectly) that Warner did not prosecute his appeal with effect. To this the defendant pleaded *nul tiel record ;* and on argument the plaintiff had judgment, and this is complained of.

Of course the plea was technically irrelevant, for no record is averred. But it was not demurred to, and since it is admitted on the paper-books that there was a recognisance, we may treat the plea as raising a true issue. The declaration is as informal as the plea, but neither is it demurred to, and therefore its formal defects are cured. The parties have treated the case here, and in the Court below, as being on a recognisance, and have raised no question but the sufficiency of the condition, and that question we decide.

We pass by the inaccuracy in the condition requiring the party "*to* appear to prosecute," for no objection is made on this account, and it is apparent that, in that connection, "and," and not "to," is the word intended. The bail is then bound that the defendant will "appear and prosecute his appeal with effect," and this is sufficient even under the Act of 20th March, 1845. For though that Act requires the bail to be bound for the payment of the costs, yet this was intended to fix, not the form of the recognisance, but the duty of the bail in such cases. The recognisance, in proper form, would substantially bind the bail that the appellant should appear at the next Court and prosecute his appeal with effect, and on his failure therein, that the bail would pay the costs. A short recognisance is not void for not setting out the consequences of the appellant's failure, or rather the terms on which the bail shall be relieved from the penalty of the recognisance.

In Ingham *v.* Tracy, 5 *Watts* 333, a recognisance just like this

[Murray v. Haslett.]

was sustained, and the duty of overlooking defects in its form clearly proved. True, that was under the Act of 1810, but that makes no difference; for there, as here, the whole duty of the bail, on the failure of the appeal, is left unexpressed, and the Act of 1845 does no more than change the duty of the bail as required by the old law. Moreover, this form of recognisance is fully sustained by the cases of the Burgess v. Jackson, 2 *Pa. Rep.* 431, and Moore v. McBride, *Id.* 148.

The cases cited by the plaintiff in error are not truly relevant. Adams v. Null, 5 *W. & Ser.* 363, relates only to the mode in which the appellee may object to a defective recognisance. Donley v. Brownlee, 7 *State Rep.* 109, declares that the peculiar conditions of the Act of 1842 cannot be implied in a recognisance like the present one; and therefore, a *sci. fa.* setting out those conditions, was not proved by such a short recognisance. Thomas v. Stuart, 2 *Pa. Rep.* 475, decides that a recognisance is void which requires too much of the bail. The other cases are entirely irrelevant.

Judgment affirmed.