# Morgan v. Soisson.

Where in a suit before a Justice of the Peace against a corporation an appeal is taken and a recognizance is entered,—"I am held as bail absolute in this case in the sum of $228, conditioned for the payment of the debt, interest and costs that may be legally recovered against the said company," being different from the wording of the Act of March 15, 1847, P. L. 361, "the bail requisite in that case shall be taken absolute for the payment of debt, interest and costs on the affirmance of the judgment," but the said appeal is not entered in the Court of Common Pleas, such refusal or failure is an implied affirmance by the defendant of the judgment and the surety upon the recognizance.

The judgment obtained before a Justice by the plaintiff against a corporation is voidable and can be rendered void, first by appeal; second, by the entry of the appeal in the Court of Common Pleas within the time limited by law, and third, by the reversal of that judgment in the said Court in the manner pointed out by law.

SUIT ON RECOGNIZANCE—ACT OF MARCH 15, 1847, P. L. 361— FAILURE TO ENTER APPEAL—CORPORATION BAIL.

No. 348, September Term, 1901, C. P. of Fayette Co.

RICE, P. J.

Appeal No. 11, April Term, 1903, Superior Court.

Argued in Superior Court May 21, 1902.

The facts appear in the opinion of the Superior Court.

Verdict and judgment in Court below in favor of plaintiff for $112.52 on case stated.

E. C. Higbee, of Sterling, Higbee & Dumbauld, for appell-

Morgan v. Soisson.

ant, cited: Germantown Turnpike Co. v. Naglee, 9 S. & R. 227; Shivery v. Grauer, 12 Pa. C. C. Rep. 472; Drummond v. Husson, 14 N. Y. 60.

P. S. Newmyer, with him Edward Campbell, for appellee, cited: Meeker v. Brackney, 35 Pa. 276; Ingham v. Tracy, 5 Watts, 333; Com. v. Hodusko, 24 Pa. C. C. Rep. 388.

Error assigned, entering judgment for defendant on case stated.

Opinion by BEAVER, J., July 10, 1902.

From the case stated, from the judgment in which in the Court below this appeal is taken, it appears:

1. That the plaintiffs here recovered judgment against the Baldwin Automobile Manufacturing Company, a corporation before W. H. Berger, Esq., a Justice of the Peace, to recover the sum of $108.20 for merchandise sold and delivered to the said company.

2. That the Justice rendered judgment against the company in favor of the plaintiffs for $108.20 and costs of suit.

3. That execution having been issued upon the said judgment and a levy made upon certain goods of the automobile company, it appealed from the judgment of the Justice to the Court of Common Pleas of Fayette county.

4. That the defendant, Joseph Soisson, entered into a recognizance before the Justice of the Peace on January 15, 1901, to perfect the appeal of the automobile company, which was drawn in the following form: "I am held as bail absolute in this case in the sum of $228, conditioned for the payment of the debt, interest and costs that may be legally recovered against the said appellant Company."

5. That the said appeal was not entered in the Court of Common Pleas of Fayette county on or before the first Monday of March next ensuing, said day being the last day on which the same could be legally entered.

6. That subsequently, on August 3, 1901, the present plaintiffs began an action against Joseph Soisson upon the recognizance

of the said Soisson, entered by him before Justice Berger, as bail on the appeal of the said automobile company, from the judgment in favor of Morgan & Wright, in which judgment was entered by the Justice against Soisson for the sum of $112.52, with interest and costs.

The Act of March 15, 1847, P. L. 361, provides: "That from and after the passage of this Act, when any corporation (municipal corporations excepted) being sued, shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute for the payment of debt, interest and costs on the affirmance of the judgment." The appellant contends that, the judgment never having been affirmed, he is not liable upon his recognizance and that the judgment of the Justice of the Peace against him in the suit on the recognizance was, therefore, void and the appeal therefrom should have been sustained by the Court. This contention is based upon the meaning given by the appellant to the word "affirmance," as used in the Act of Assembly. He confines its application to the ratification or upholding of a judgment of a lower court by an appellate court, but it has a much broader meaning than this. An affirmance may be "the confirmation of a voidable act by the party acting, who is to be bound thereby, or by a court in the manner contended for by the appellant, and it may be either express or implied." See 1 Bouvier's Law Dictionary, 112. Even if the appellant's contention as to the limited meaning of the word "affirmance" were correct, we would hesitate long before allowing such a technicality to prevail, but it is not necessary for us to consider this narrow aspect of the question. The judgment obtained before the Justice by the plaintiff against the corporation was voidable and could be rendered void, first, by an appeal; second, by the entry of the appeal in the Court of Common Pleas within the time limited by law, and third, by the reversal of that judgment in the said Court in the manner pointed out by law. The appeal was taken; the judgment could be affirmed either by the act of the appellant in failing to enter the appeal, or by the formal action of the Court.

Morgan v. Soisson.

The appellant corporation in the original judgment settled the question of the defendant's liability, by its refusal or failure to enter the appeal within the time limited by law, the failure to enter the same being distinctly averred in the case stated. Such a refusal or failure was an implied affirmance by the defendant corporation of the judgment of the Justice, and bound both the corporation taking the appeal, and the defendant, whose recognizance made the appeal possible and at least for the time valid, and so defeated the plaintiff's execution by virtue of which a levy was made upon the goods of the defendant therein. Although we have followed herein the argument of the appellant in his main contention it is, nevertheless, true that the recognizance entered by him, does not contain the language of the Act of 1847 "on the affirmance of the judgment," but, as set forth in the case stated, is in the following form: "I am held as bail absolute in this case, in the sum of $228, conditioned for the payment of the debt, interest and costs, that may be legally recovered against the said appellant company." Upon the failure of the defendant company to enter its appeal, the judgment legally recovered against it, was the judgment entered by the Justice, and for that, with interest and costs, in accordance with the terms of his recognizance, we are all of the opinion he is liable.

The judgment is affirmed.