# Winchester, Appellant, v. Rich.

*Justice of the peace—Judgment—Appeal—Quashing appeal—Affirmance of judgment—Bond—Principal and surety.*

1. Where an appeal from a judgment of a justice of the peace is quashed for any reason other than a defect in the recognizance, the quashing of the appeal is an affirmance of the judgment within the meaning of a recognizance " conditioned for the payment of the debt, interest and costs on affirmance of the judgment in the court of common pleas."

2. The action of the court of common pleas in quashing an appeal from a judgment of a justice of the peace, is a judgment of a court having jurisdiction of the parties and the subject-matter, and cannot be reviewed in a collateral proceeding, such as an action by the plaintiff in the judgment against the surety in the recognizance of the defendant.

Argued Feb. 23, 1909. Appeal, No. 19, Feb. T., 1909, by plaintiff, from judgment of C. P. Clinton Co., Jan. T., 1907, No. 57, on verdict for defendant in case of Amasa B. Win-

chester v. M. B. Rich.  Before RICE, P. J., PORTER, HENDER-
SON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Appeal from judgment of a justice of the peace.  Before
HALL, P. J.

The opinion of the Superior Court states the facts.

Under the instruction of the court the jury returned a ver-
dict for the defendant.  Plaintiff appealed.

*Error assigned* among others was in giving binding instruc-
tions for defendant.

*C. S. McCormick,* for appellant, cited: Mair's Est., 34 Legal
Int. 20; Beale v. Dougherty, 3 Binney, 432; O'Donnell v. Mul-
lin, 27 Pa. 199; Cope's App., 39 Pa. 284.

*Geo. A. Brown,* with him *T. M. Stevenson,* for appellee, cited:
Davis v. Mercantile Trust Co., 30 Pitts. Leg. Journal (N. S.),
.371.

OPINION BY PORTER, J., July 14, 1909:

The plaintiff recovered a judgment, before a justice of the
peace, against Elizabeth Gates and others, partners, trading
as the I. X. L. Brick Company, on August 4, 1905.  An execu-
tion was issued on this judgment by the justice on August 9,
1905, and on the same day returned by the constable "no
goods."  The plaintiff, on August 11, 1905, filed a transcript
of this judgment in the common pleas and issued execution
thereon to the sheriff.  The record of the justice showed that
the claim of the plaintiff was for wages of manual labor per-
formed by the plaintiff for the defendant.  The defendants in
this original judgment appeared before the justice, on August 14,
1905, filed the affidavit required by law and appealed from the
judgment, and N. B. Rich, the present defendant, entered into
recognizance, as surety, in the sum of $150, "conditioned for
the payment of the debt, interest and costs on affirmance of the
judgment in the court of common pleas."  The transcript upon
the appeal was by the original defendants filed in the court of

common pleas on September 20, 1905, and on the twenty-fifth of the same month the sheriff returned the execution then in his hands, which had been issued on the transcript filed by the plaintiff, "appeal taken and writ returned." The court of common pleas, on November 10, 1905, granted a rule, upon petition of the plaintiff, to show cause why the appeal should not be quashed, and on August 21, 1906, the court made the rule absolute and quashed the appeal. The plaintiff subsequently caused a scire facias to issue, by the justice of the peace, upon the recognizance entered into by N. B. Rich, this defendant, upon the appeal in the original judgment. The plaintiff recovered a judgment against Rich before the justice and Rich appealed to the court of common pleas. Upon the trial in the court below the learned judge gave binding instructions in favor of the defendant, upon the ground that as the court had quashed the appeal, the defendant must be held not to have taken an appeal, and the plaintiff was estopped from asserting that he had done so. The plaintiff now appeals.

The action of the court of common pleas, in quashing the appeal, was the judgment of a court which had jurisdiction of the parties and the subject-matter and cannot be reviewed in this collateral proceeding. The defendants in the .original judgment might have taken an appeal and caused the action of the court to be reviewed, Beale v. Dougherty, 3 Binney, 432, but they permitted the action of the court to stand unquestioned and the judgment of the court made an end of the appeal. That, however, did not determine that there never had been an appeal, nor that this surety was not liable on his recognizance. It was the business of the justice, in the first instance, to determine whether the appeal was regularly taken or not. When the justice allowed the appeal, the rights which it gave to the defendant in the original judgment could not be lawfully withheld from him by the plaintiff, or the sheriff who had the writ of execution in his hands, on the pretense that the justice had committed an error: O'Donnell v. Mullen, 27 Pa. 199. The taking of the appeal, before the transcript thereof was filed in the common pleas, had the effect of superseding the right of the plaintiff to have execution upon his judgment: Plowman v.

Abrams, 1 Dallas, 316; Cope's Appeal, 39 Pa. 284. The appeal which the original defendants took, the justice allowed and in the taking of which the present defendant became bound by recognizance was an appeal in effect and in fact; and it operated to deprive the plaintiff of the right of execution upon his judgment for an entire year. Had the original appeal been quashed upon the ground that Rich had not in fact become bound by recognizance, or upon the ground that the recognizance had been taken in a form not authorized by law, an entirely different question would have been presented, the court would be in such a case passing upon the very question of the validity of the recognizance and if it held the same to be invalid the surety would be relieved. The appeal was not quashed because of any defect in the recognizance, but because the original defendants had failed to perform a collateral act, which the court held they were required to do. We are of opinion that the learned judge, in the hurry of the trial, fell into error in holding that there had been no appeal from the original judgment. The defendants had appealed, the justice had allowed the appeal, this appellee had become duly bound by recognizance, and the appeal had given to the original defendants the advantage of a long delay.

When an appeal is taken from a judgment of a justice, the ordinary course results in the entry of a judgment after a jury trial, but it was not necessary that there should be a jury trial in order to constitute an affirmance of the judgment of the justice, within the meaning of the recognizance of the appellee. The failure of the party appealing from the judgment of the justice to file the transcript in the common pleas within the time allowed by law, would in such a case constitute an affirmance of the judgment: Morgan v. Soisson, 21 Pa. Superior Ct. 141. That judicial act of the appellate court by which the controversy between the parties comes to an end, and the plaintiff is placed in position to collect his judgment, is an affirmance of the judgment of the justice. When the appeal is dismissed, or quashed or stricken off because it is not filed in time the judgment is a final one and prevents all further proceedings in the suit, constituting an affirmance of the judgment: Beale v. Dougherty, 3 Binny, 432; Mair's Estate, 34 Legal Int. 20; Reed

v. Palmer, 44 Pitts. Leg. Jour. 310; Clapp v. Senneff, 7 Phila. 214. The order of the court quashing the appeal ended the controversy between the parties, but it did not make the judgment of the justice, for the debt, a judgment of the court of common pleas. The effect was to remove the bar which the appeal constituted to proceedings by the plaintiff to collect the judgment of the justice; this he might do by issuing execution against the original defendants or by issuing a scire facias upon the recognizance entered into by the appellee. The recognizance is not in the precise words indicated by either the Act of April 9, 1872, P. L. 47, or the Act of April 20, 1876, P. L. 43, but it is in substantial accord with both of those statutes. In such matters the law looks to the substance rather than form: Seidenstriker v. Buffum, 14 Pa. 158; Murray v. Haslett, 19 Pa. 356; Ingham v. Tracy, 5 Watts, 333. The only question involved in the right of the plaintiff to recover, was the identity of this defendant and that of the party who became surety in the recognizance upon which the action was founded.

The judgment is reversed and a venire facias de novo awarded.