# Shurr, Appellant, v. Rich.

*Practice, C. P.—New trial—Appeals—Judgment—Verdict.*

Where three cases involving the same facts are tried together and verdicts by direction of the court are entered for the defendant in each of the three cases and one of the cases on appeal is reversed with a venire facias de novo, and in the other two cases a motion is made for arrest of judgment and for a new trial, the proceedings on such motion should be proceeded with after the reversal of the other case, and if they are not proceeded with, and appeals are taken, the appellate court will dismiss such appeals unless the appellants pay the costs, and if they do pay the costs will direct the judgment to be set aside and the record remitted for further proceedings on motion for a new trial.

Argued March 1, 1911.   Appeal, No. 5, Feb. T., 1911, by plaintiff, from judgment of C. P. Clinton Co., Jan. T., 1907, No. 44, on verdict for plaintiff in cáse of W. J. Shurr v. M. B. Rich.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Appeal from judgment of a justice of the peace.   Before HALL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in directing verdict for defendant.

*C. S. McCormick*, for appellant.

*Brown & Stevenson*, for appellee, filed no printed brief.

OPINION BY RICE, P. J., April 17, 1911:

This, and two other cases against the same defendant, in which Amasa B. Winchester and Lorenzo Robbins were plaintiffs, were brought into the common pleas by appeals from a justice of the peace and were tried together. It appears by the official report of the trial that at the

conclusion of the testimony the court said: "We will direct a verdict for the defendant in these cases and file our reasons at length." Verdict having been rendered for the defendant pursuant to the court's direction, the plaintiff, on May 6, 1908, moved in arrest of judgment and for new trial and assigned as a reason in support of the latter branch of the motion that the court erred in giving binding direction for the defendant. Among the entries in the "abstract of the proceedings" printed in the appellant's paper-book appears the following: "1908 October 19, opinion of the court filed denying a new trial." But in the opinion filed on that day, which is printed in the paper-book, no mention is made of the motion for a new trial, and it concludes as follows: "For these reasons the jury is ordered and directed to find a verdict in favor of the defendant." There is an apparent discrepancy between this order and the abstract of the same printed in the paper-book, and upon examination of the record we find that the docket entries relating to this matter, precisely as they appear in the transcript certified to us, are as follows:

"May 6, 1908, plaintiff by his attorney moved in arrest of judgment and for new trial, vide paper filed May 8, 1908. Leave to file the above motion is granted. HALL, P. J. May 8, 1908, reasons for new trial filed.

"Oct. 19, 1908, opinion of the court filed, viz.: The jury is ordered and directed to find a verdict in favor of the defendant. Plaintiff excepts to the above charge and bill sealed. HARRY ALVAN HALL, P. J. (Seal)."

The last docket entry corresponds accurately with the order at the conclusion of the opinion filed on that day, and we can find nowhere in the record any other order disposing of the motion for new trial, so far as this case was concerned.

The judgment entered on the verdict in the Winchester case was reversed on the plaintiff's appeal with a venire facias de novo (Winchester v. Rich, 40 Pa. Superior Ct. 46), upon retrial verdict was rendered for the plaintiff and

judgment was duly entered thereon. For the reasons given by our Brother PORTER in that case the plaintiff was entitled to a new trial in the present case, and doubtless would have been awarded it, after our decision in the Winchester case, if he had brought his motion to hearing. Instead of pursuing that course he presented a petition in this and the Robbins case praying the court "to order and direct the entry by the prothonotary, to have the same effect as the findings of the jury would have had had the cause been actually tried." This the court could not do for obvious reasons; and upon the petition being refused the plaintiff paid the jury fee, caused judgment to be entered on the verdict in favor of the defendant and then took this appeal. In pursuing this course, as well as in his attempt to print an abstract of the order of October 19, 1908, instead of printing it literally as he should have done (Bristor v. Tasker, 135 Pa. 110), it is to be presumed that he misinterpreted that order, rather than that he intended to mislead the court. The opinion therein referred to plainly purported to give the reasons for directing verdict for the defendant, and apparently was filed in fulfillment of the declaration made by the court at the time the verdict was directed. But in the course of his opinion the learned judge said that the three cases rested upon precisely the same facts except as to the amounts involved, and the reasoning of the opinion shows quite clearly that if the plaintiff's motion had been brought to hearing at that time the court would have refused it. It is equally certain that if the plaintiff had brought his motion to hearing in the common pleas after our decision in the Winchester case, a new trial would have been granted. It was manifestly to the interest of both parties to have it held in abeyance until that time, for they thereby would avoid the expense of appeals in the two other cases. After that decision, the defendant had an interest in having the motion, of which the court had taken jurisdiction, disposed of in that court, and we are not convinced that at that time and under the special circumstances, the plain-

tiff could arbitrarily abandon that method of obtaining a new trial which lay open to him, and select a method of accomplishing the same result, which would cast on the defendant the considerable costs incident to an appeal to this court. On the other hand, if the appeal were quashed for this or other irregularities, injustice might result to the plaintiff, for the judgment in the common pleas would remain in force, notwithstanding the fact that he is plainly entitled to a new trial. The only way we see to get the case out of the tangle in which it has got through the mistaken course of procedure, and to prevent injustice to one party or the other, is to set aside the judgment—not for the reasons urged in the appellant's brief, but because it was prematurely entered—and to remit the cause to the court below in order that the motion for new trial may be regularly disposed of. But as the error is not that of the appellee but of the appellant, the cost of this appeal ought not to fall eventually on the former.

And now, to wit, April 17, 1911, it is ordered that the appeal be dismissed unless the plaintiff, within thirty days from this date, shall file in the office of the prothonotary of this court a stipulation releasing any claim he may have to recover the costs of this appeal, in which event the prothonotary is directed to enter the following order: "Judgment set aside and record remitted to the court below to be further proceeded with in accordance with the foregoing opinion," and to remit the record accordingly.