## Damiano v. Mooney

*Robert H. Arronson*, for plaintiff; *James S. Clifford, Jr.*, for defendant.

ROSEN, J., July 17, 1934.—This is a rule for judgment for want of a sufficient affidavit of defense.

The plaintiff brought this action against the defendant on a bond executed by her in connection with an appeal from the judgment of a magistrate obtained by the plaintiff against one Joseph Delpizzo. The condition of the bond reads as follows: "I, Annie Mooney, hold myself indebted to the plaintiff in the sum of $184, conditioned for Joseph Delpizzo all costs that have or may accrue in this case up to the final determination of this suit, and that the defendant will prosecute his appeal with effect."

The appeal was stricken off by the municipal court. The plaintiff contends he is entitled to recover in this action the amount of the debt and costs on the theory that this bond contains a double condition, namely, the condition for the payment of costs and the further condition that the defendant will prosecute his appeal with effect. The appeal having been stricken off, the plaintiff contends it amounts to a breach of the condition to prosecute the appeal with effect, and that he is therefore entitled to recover the full amount of the judgment plus costs from the defendant.

Delpizzo, in taking the appeal, had the right under the Act of May 29, 1907, P. L. 306, to pay costs then accrued to the magistrate and give bail absolute in double the amount of costs accrued and likely to accrue conditioned for the payment of all costs accrued or that might be legally recovered against him, or he might give bail absolute for the payment of debt, interest, and costs that had accrued and would accrue on affirmance of the judgment, in which latter event he need not pay the costs prior to the appeal: Lentz v. Kittanning Real Estate Company, 72 Pa. Superior Ct. 513. The bond in this case, being conditioned for the payment of costs only, comes in the first classification, unless the clause in the bond "and that the defendant will prosecute his appeal with effect" enlarges the obligation to include the debt and interest.

In Commonwealth v. Wistar, 142 Pa. 373, a bond given under the Act of March 29, 1832, P. L. 213, was conditioned "that the appellant shall prosecute his appeal with effect and pay all costs that may be adjudged against him." In construing this bond, the Supreme Court said, at page 385:

"It is contended that the appellants did not prosecute their respective appeals with effect, and that they are therefore liable for loss or damage sustained by the appellees therein, in consequence of the appeals. The condition of the recognizance is that the appellant 'shall prosecute his appeal with effect, and pay all costs that may be adjudged against him.' The appellees' contention is that two distinct things must be done to comply with the condition; the appeal must be prosecuted with effect, and, in addition to this, the costs, if any, adjudged against the appellant, must be paid. But it is plain, if he does prosecute his appeal with effect, no costs would ordinarily be adjudged against him; costs would be adjudged against him only if he failed to prosecute the appeal with effect. The condition, therefore, in effect creates an alternate obligation, viz., that the appellant will prosecute his appeal with the effect, and, failing to do so, will pay all costs which shall be adjudged against him."

The condition of the bond in Commonwealth v. Wistar, supra, is very similar to the language used in this case, and we are of the opinion that the bond in our case creates an alternate obligation, that is, that the said Joseph Delpizzo will prosecute his appeal with effect and upon his failure to do so the defendant in this case will pay all the costs that have or may accrue in the case appealed. The obligation of the defendant therefore is limited to the payment of costs.

The striking off of the appeal constituted an affirmance of the judgment against Delpizzo, and the defendant became liable on her bond as surety. The surety is liable upon the bond, even where the appeal is never entered in the municipal court: Morgan v. Soisson, 21 Pa. Superior Ct. 141, and "When the appeal is dismissed, or quashed or stricken off because it is not filed in time the judgment is a final one and prevents all further proceedings in the suit, constituting an affirmance of the judgment": Winchester v. Rich, 40 Pa. Superior Ct. 46, 49.

The defendant in the affidavit of defense alleges further that she signed the said bond relying on a statement of the said Joseph Delpizzo that the effect of signing the bond was merely to testify as a witness to the character of the said Joseph Delpizzo; that she relied upon a statement made by the magistrate that her signing of the bond didn't mean anything; that "that she was given no opportunity of carefully examining the alleged appeal bond before she signed it."

There is no allegation that she was an illiterate person, nor are facts alleged showing a compelling reason why she signed the bond without reading or examining it. The allegations as to statements made to her as to the effect of signing the bond, if they amount to misrepresentation or deception, bring this case within the class of cases where the deception is no defense unless it is shown that the plaintiff, the obligee in the bond, had knowledge of the fraud before accepting the bond, and not within the class of cases like The County of Schuylkill v. Copley, 67 Pa. 386, and Stauffer and Stauffer v. Gebhardt, 103 Pa. Superior Ct. 300, in neither of which cases did the obligor intend to execute the instrument he actually signed. In the former case, the obligor was a blind person and the nature of the instrument was misrepresented to him, and in the latter case the obligor was an illiterate person and could not read, and the nature of the instrument which he actually signed was misrepresented to him, so in neither case did the obligor intend to execute the instrument which bore

his signature. In the present case, the defendant did intend to execute the bond sued upon. She was not illiterate and should have read it. It is therefore her obligation, and she is liable on it according to its terms.

We conclude therefore that the surety defendant is liable on the bond in suit for the costs only, and, the amount thereof being admitted in the affidavit of defense, the rule for judgment for want of a sufficient affidavit of defense is made absolute in the sum of $15, being the amount of the admitted costs.